IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )  | |
| Plaintiff,   ) | |
| )  | |
| v.                          ) | No. 04-10174-01 |
| )  | No. 08-1057-MLB |
| )  | |
| BRUCE SEARS,                ) | |
| )  | |
| Defendant.   ) | |
| _____) | |

**MEMORANDUM AND ORDER**

In its memorandum and order of March 14, 2008 (Doc. 101), the court addressed defendant's claims in his pro se motion pursuant to 28 U.S.C. § 2255.  At the conclusion of the order, the court directed the government to produce two pages identified by defendant which defendant ". . . suspects . . . initially contained information that totally refutes Frey's positive identification of petitioner cited in Walker's affidavit.  These reports may contain another eye witness account expressing the impossibility of any identification of the robber."  The government complied, producing not only the ordered pages but also the Wichita police department incident report in order to put the pages in context.  By order of March 19, 2008 (Doc. 103), the court allowed defendant to file a reply, which he has done (Doc. 104).  Defendant also has filed a motion for reconsideration of this court's memorandum and order of March 14, 2008 (Doc. 105).

Based on a review of the court file and defendant's submissions, the court finds that they conclusively show that defendant is not entitled to relief.  For the reasons set forth in this court's March

14, 2008 memorandum and order, the court finds that defendant has not demonstrated that the performance of his retained trial and appellate counsel fell below an objective standard of reasonableness or that there is a reasonable probability that, but for counsel's <u>alleged</u> unprofessional errors, the result of the proceedings would have been different.  Taken together and viewed in the light most favorable to him, defendant's claims and arguments are premised upon his "suspicions" that the police and/or the government withheld exculpatory evidence and that his counsels' performance was insufficient because they did not take steps which would have proven the truth of defendant's "suspicions."  The court has indulged defendant's request for discovery which has not borne out defendant's "suspicions."  Defendant's motion for reconsideration simply reargues claims already made in his prolix motion and is therefore improper.

The court recalls the trial in this case.  There was more than sufficient evidence to support the jury's verdicts.  Defendant's retained trial and appellate counsel performed adequately. Defendant is a dangerous and unredeemable armed career criminal and his life sentence is required to protect the public from further violent crimes.  Accordingly, defendant's motions (Docs. 100 and 105) are denied.

IT IS SO ORDERED.

Dated this __7th__ day of April 2008, at Wichita, Kansas.

                                              s/ Monti Belot
                                              Monti L. Belot
                                              UNITED STATES DISTRICT JUDGE