# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04-10174-01 ) No. 08-1057-MLB ) |
| BRUCE SEARS, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the court are the following:

1. Defendant's motion pursuant to Fed. R. Civ. P. 60(b)(4) (Doc. 118); and

2. Government's response (Doc. 119).

Defendant has not filed a reply.

Defendant's pro se motion is the latest in a series of unsuccessful collateral attacks on his conviction and sentence. The chronological history of defendant's post-conviction efforts is set forth in the Tenth Circuit's order of September 17, 2008 denying certificate of appealability (No. 08-3157) and in the government's response.

Fed. R. Civ. P. 60(b)(4) provides for relief from void judgments. A judgment is void if entered in a manner inconsistent with due process. Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994). Defendant does not contend that his judgment of conviction or his sentence were entered without due process. Instead, defendant contends that he was denied due process because, in ruling on his §

2255 motion, this court did not honor his request for discovery and did not grant him an evidentiary hearing. Due process is not implicated by these claims. Discovery in the context of a § 2255 motion requires a showing of good cause and is a matter of the court's discretion. Rule 6, Rules Governing Section 2255 Cases in U.S. Dist. Cts. An evidentiary hearing also is discretionary. Id. Rule 8 § 2255(b). The court did grant a portion of defendant's request for discovery (Doc. 106) which failed to disclose defendant's "suspicions" of what discovery would show. The court did not explicitly deny defendant's request for an evidentiary hearing but in its second and final memorandum and order (Doc. 106), the court stated: "[b]ased on a review of the court file and defendant's submissions, the court finds that they conclusively show that defendant is not entitled to relief." Section 2255(b) makes clear that a hearing (and not necessarily an evidentiary hearing) is not required "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." In any event, every individual claim raised in defendant's § 2255 motion related either to trial errors which should have been raised on direct appeal, but were not, or to complaints about the adequacy of representation by trial and appellate counsel. (Doc. 101). Defendant had an opportunity to make this argument in his application for certificate of appealability. The court does not know whether he did but the Tenth Circuit denied his application, whatever arguments were raised.

A "true" Rule 60(b) motion either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in

-2-

the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably a merits-based attack on the disposition of a prior habeas petition. Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006), citing to Gonzalez v. Crosby, 545 U.S. 524 (2005). To the extent that defendant's motion can be liberally construed as challenging only a procedural ruling (i.e., that the court did not grant his request for discovery or an evidentiary hearing or rule individually and specifically upon each of his claims), the court has Rule 60 jurisdiction and, for the reasons already stated, rejects those claims. To the extent that defendant's claims, liberally construed, challenge a defect in the integrity of his § 2255 motion, they clearly lead inextricably to a merits-based attack on the disposition of his motion. This is made clear in the relief defendant seeks: ". . . to vacate and reopen its judgment to carefully render a merits determination concerning Sears' issues that properly presented in his § 2255 motion . . . ." (Doc. 118 at 10). Thus, defendant's "true" Rule 60 motion is denied on that basis, as well.

Accordingly, the court finds that it is neither appropriate nor necessary to transfer this case to the Tenth Circuit. Defendant's motion (Doc. 118) and his application for leave to proceed in forma pauperis (Doc. 117) are denied.

IT IS SO ORDERED.

Dated this __26th__ day of April 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE