IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                                             No. 04-10174-JTM
                                                                              Civil No. 18-1067-JTM

BRUCE SEARS,
    Defendant.


MEMORANDUM AND ORDER


A jury convicted defendant Bruce Sears of armed robbery, brandishing a firearm during a crime of violence, and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 1951, 924(c), and 924(g) respectively. The court sentenced Sears to serve 240 months imprisonment on the robbery count, 360 months each on the felon in possession counts (concurrent with the robbery term), and life imprisonment for brandishing the firearm (consecutive to the other counts). (Dkt. 61). The court concluded that the life sentence was mandatory under the Three Strikes Law (TSL). (Sentencing Transript, at 8).

The government gave notice, under 18 U.S.C. § 3995(c)(4) and 21 U.S.C. § 851(a), that Sears had previously been previously convicted by the State of Kansas of three violent felonies, identifying two 1993 convictions for aggravated robbery, and a 1992

conviction for attempted robbery. According, the government argued, 18 U.S.C. § 3559(c)(2)(F) mandated a sentence of life imprisonment. (Dkt. 42).

Sears filed a direct appeal, challenging the court's denial of his motion to suppress the searches (pursuant to warrant) of his home and vehicle, which was denied by the Tenth Circuit on September 11, 2006. (Dkt. 94). He subsequently filed a Motion to Vacate (Dkt. 100) his sentence under 28 U.S.C. § 2255, which was denied April 8, 2008. (Dkt. 106). Sears moved to reconsider this ruling, a motion which the court denied on April 28, 2008. (Dkt. 120).

The matter is now before the court on Sears' Motion for Writ of Audita Querela under the All Writs Act, 28 U.S.C. § 1651. (Dkt. 139). Sears recognizes that, at the time of his sentencing, Kansas robbery was deemed a serious violent felony for purposes of the three strikes law, *see United States v. Gottlieb*, 140 F.3d 356, 366 (10th Cir. 1998), but argues that an intervening change of law has occurred, with the Tenth Circuit's recognition that robbery under Kansas law is not necessarily a violent offense. Sears argues that his prior Kansas robbery convictions were not crimes of violence in light *of United States v. Walker*, 2017 WL 2501072 (D. Kan. Aug. 9, 2017) and *United States v. Nicholas*, 686 Fed.Appx. 570 (2017). He further argues that his conviction for 18 U.S.C. § 1951 (Hobbs Act robbery) did not trigger application of the Three Strikes Law (TSL) in light of 't support *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017).

The government argues that Sears' motion is not properly presented as a request for relief audita querela, but a successive motion for relief under 28 U.S.C. § 2255, filed

2

without proper authorization. Against the contention that defendant's present § 1951 Hobbs Act conviction was not a serious violent offense, the government argues that Hobbs Act robbery satisfies the elements of § 924(c)(3)(A), which applies to offenses against either persons or property. *See United States v. Myers*, 786 Fed.Appx. 161, 162 (10th Cir. 2019) ("Hobbs Act robbery is a crime of violence under the elements clause of § 924(c*)"); United States v. Moreno*, 665 Fed.Appx. 678 (10th Cir. 2016).

But while Hobbs Act robbery may indeed be "a crime of violence" under § 924(c), this by itself does not necessarily mean that it is also a "serious violent felony" for purposes of § 3559(c)(1). There is substantial authority, however, which directly supports this conclusion. *See United States v. Johnson*, 479 F. App'x 811, 818 (10th Cir. 2012) ("Robbery generally qualifies as a "serious violent felony" for purposes of the three-strikes statute," citing 18 U.S.C. § 3559(c)(2)(F)(i)); *United States v. House*, 825 F.3d 381, 386 (8th Cir. 2016); *United States v. Howard*, 2016 WL 2961978 *1 (9th Cir. May 23, 2016); *United States v. Nguyen*, No. 94-10129-JTM, 2016 WL 4479131, *3 (D. Kan. Aug. 8, 2016) (citing *Howard*). *O'Connor*, cited by Sears, addressed only the issue of whether Hobbs Act robbery was a "crime of violence" for purposes of the Sentencing Guidelines offense chart, and does nothing to alter this clear line of authority holding that Hobbs Act robbery is a "serious violent felony" for purposes of the Three Strikes statute.

The question remains, however, whether the underlying Kansas robbery convictions qualify as strikes. The government argues that because "robbery" is enumerated as a "serious violent felony" in 18 U.S.C. § 3559(c)(2)(F)(i), the defendant's

3

argument necessarily fails, and "it is irrelevant that Kansas robbery does not" have force as an element. (Dkt. 142, at 15). But the mere presence of a given offense within the cited provision does not obviate the need for categorical inquiry, as the Tenth Circuit recognized in *United States vs. Leaverton*, 895 F.3d 1251, 1256 (10th Cir. 2018).

In *Leaverton*, the court agreed with the government as to whether a limitation in the enumeration provision applied to voluntary or involuntary manslaughter. However, this did not end the analysis of whether the defendant's prior manslaughter conviction constituted a serious violent felony for purposes of the Three Strikes law:

> We read the statute [§ 3559(c)(2)(F)(i)] as including within the definition of "serious violent felonies" the crime of "manslaughter" except involuntary manslaughter as described in § 1112. But this reading does not end our analysis. Congress has adopted the "general approach, in designating predicate offenses, of using uniform, categorical definitions. Under this approach, we do not simply apply an enhancement to any crime designated by a state as "manslaughter." Instead, we treat enumerated offenses as referring to the crime in the generic sense in which the term is now used in the criminal codes of most States. And to determine whether a state crime meets the generic definition, we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition. Accordingly, a state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense.

*Id*. (quotations and citations omitted). Reviewing Oklahoma law, the court concluded that that state's definition of manslaughter was not necessarily equivalent to generic manslaughter "as that term is used in § 3559(c)(2)(F)(i)." *Id*. at 1257.

4

Other decisions have expressly concluded that, in deciding whether a given state robbery conviction constitutes "robbery" under Subparagraph F of the Three Strikes law, the reviewing court must employ a categorical assessment. *See United States v. Shabazz*, 2019 WL 3942975, *9-10 (M.D. Pa. Aug. 21, 2019) ("the New York state definition of 'robbery' is broader than the federal definition of robbery," and "[t]herefore, the defendant's prior robbery conviction does not fall under the enumerated offenses of the TSL [Three Strikes Law]"); *Slade v. United States*, No. 2:03CR1, 2019 WL 3883555, at *3 (N.D.W. Va. Aug. 16, 2019) ("to determine whether Slade's prior convictions qualify as predicate offenses under § 3559(c)(2)(F)(i), which lists robbery as an enumerated offense, the Court must compare the Virginia definition of robbery to the generic definition of robbery"); *Morrison v. United States*, 2019 WL 2472520, *6-7 (S.D. Cal. June 12, 2019) (California robbery "is not a categorical match under the enumerated offense clause in the three-strikes law").

In *Nicholas*, the court expressly rejected the government's argument that "Kansas robbery requires more than *de minimis* physical conduct," since the Kansas Supreme Court had previously held that "merely snatching a purse from someone's possession is sufficient to support a robbery conviction." 686 Fed.Appx. at 574-75 (citing *State v. McKinney*, 265 Kan. 104, 961 P.2d (1998)). The Tenth Circuit ultimately concluded that "Kansas robbery does not necessarily require the use, attempted use, or threatened use of violent force against the person of another." *Id.* at 576. *See also United States v. Bong*, 913 F.3d 1252, 1264 (10th Cir. 2019) (robbery under Kansas law may occur without any

5

"application of force directly to the victim, and also, importantly, without any resistance by or injury to the victim").

Even though *Nicholas* addressed sentencing enhancements under the Armed Career Criminal Act (ACCA) rather than the TSL, the court can find no reason to restrict its conclusions to the ACCA.[1] The *Nicholas* court's categorial assessment remains unchanged: Kansas robbery requires only *de minimis* contact, and does not require any violent force. The enumerated provision of the TSL, however, applies to "robbery (as described in section 2111, 2113, or 2118)" — offenses which all require force, violence or intimidation.

In sum, the court concludes the government has failed to show that defendant's motion lacks merit as to its main argument, finding strong reason to believe that defendant's TSL sentence is infirm in light of the Tenth Circuit's categorical construction of Kansas robbery. The court agrees with the government that the defendant's motion is in form and substance a motion to vacate his sentence under 28

---

[1] *See Shabazz*, 2019 WL 3942975 at *10 (concluding, "[b]ased upon our analysis … with regard to the ACCA" that New York robbery did not "fall under the enumerated offenses of the TSL"); *United States v. Goodridge*, 392 F. Supp. 3d 159, 176 (D. Mass. 2019) (Massachusetts robbery, which included purse-snatching, was not violent under either ACCA or the TSL, because "[u]nder this scenario … the defendant has not used, attempted to use, or threatened to use the requisite degree of physical force under 18 U.S.C. § 3559(c)"); *Richitelli v. United States*, No. 09-60229-CR, 2016 WL 9132037, at *15 (S.D. Fla. Oct. 25, 2016), report and recommendation adopted, No. 09-60229-CR, 2016 WL 9131794 (S.D. Fla. Dec. 6, 2016) ("A finding that particular convictions are for an offense enumerated within the [TSL] statute, however, does not end the analysis. Instead, before a court may consider these convictions as predicate offenses, it must compare the elements of the crime(s) of conviction to the generic form of the offense to determine whether they qualify as "serious violent felonies.").

U.S.C. § 2255, which this court cannot grant on the merits. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*) (recognizing jurisdictional bar). The defendant's ability to raise a second or successive § 2255 motion should be determined by the Tenth Circuit.

The Tenth Circuit has recognized that "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). Sears argues in his reply that the motion was properly submitted as a necessary "gap filler," but it appears that the only gap is the defendant's decision to forgo the standard procedure for obtaining leave to filing a successive § 2255 motion.

The court liberally construes defendant's motion as a request for relief under § 2255, and because it presents a colorable claim to relief, in its discretion the court hereby transfers this action to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *See Cline*, 531 F.3d at 1251.

The court dismisses Sears' Motion to Supplement (Dkt. 146) as an additional, successive § 2255 motion, one for which no good cause is shown. Far from simply supplementing the record, as its label suggests, the pleading in fact seeks defendant's immediate release. Defendant's pleading shows no grounds for such relief, and the court finds no good cause for concluding that this motion presents a nonfrivolous § 2255 motion which should transferred to the Tenth Circuit for leave to file as a successive claim.

IT IS ACCORDINGLY ORDERED this day of January, 2020, that the defendant's Motion for Audita Querela is construed as seeking relief under 28 U.S.C. § 2255, and is transferred to the Tenth Circuit Court of Appeals. Defendant's Motion to Supplement (Dkt. 146) is denied and dismissed.

*J. Thomas Marten*
J. Thomas Marten, Judge