IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                            No. 04-10174-JTM

BRUCE SEARS,
    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Bruce Sears's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Sears argues that extraordinary and compelling circumstances exist which would warrant the reduction of his sentence. Most of the defendant's motion is devoted to arguing that the court has the power to review his sentence, his explanation for why the sentence should be reduced is brief:  he argues in light of decisions such as *United States v. Nicholas*, 686 Fed. App'x 570 (10th Cir. 2017) that his sentence was incorrectly enhanced under 18 U.S.C. § 3559(c) as "Congress never intended for offenses like the one at issue here to serve as a predicate for sentence enhancement." (Dkt. 153, at 14).

This is precisely the same argument Sears made in his recent motion before this court seeking the same relief, but presented as a motion for a writ of audita querela under 28 U.S.C. § 1651. (Dkt. 139). On January 29, 2020, this court found that there was "strong reason to believe that defendant's TSL sentence is infirm" in light of recent case law, including *Nicholas*, but that the audita querela motion "is in form and substance a

motion to vacate his sentence under 28 U.S.C. § 2255, which this court cannot grant on the merits," as a successive § 2255 motion. (Dkt. 148, at 6-7). The court accordingly transferred the action to the Tenth Circuit pursuant to 28 U.S.C. § 1631.

On March 27, 2020 (Dkt. 152), the Tenth Circuit terminated Sears's motion without remand, stressing that Sears had not requested authorization for a successive § 2255 motion, making instead only the conclusory statement that a properly presented § 2255 would be inadequate for relief. The court concluded that "Mr. Sears cannot avoid the requirements for filing a second or successive § 2255 motion with such a vague statement." *Id*. at 4.

The court construes the present motion as yet another attempt to evade the requirements of 28 U.S.C. § 2255(h) and 2244(b)(3)(A). Sears's argument is not that the original sentence was valid and proper, but that now he should be released for compassionate reasons unrelated to the sentence. Rather, his argument attacks the fundamental validity of his sentence – that Congress "never" intended such a sentence.

A motion under § 3582 is not a substitute for civil post-conviction relief. *United States v. Parson*, 2011 WL 13311866, *1 (S.D. Fla. 2011). The Seventh Circuit has recently rejected a similar effort to employ § 3582 as a means of circumventing the requirement for filing a successive § 2255 motion. *See United States v. Arojojoye*, No. 19-2889, 2020 WL 1459064, at *2 (7th Cir. Mar. 20, 2020) ("We need not reach the dubious [sentencing disparity] argument that this is the kind of 'compelling and extraordinary' circumstance contemplated by the First Step Act" as "[t]he district court correctly construed

Arojojoye's request as an unauthorized successive § 2255 motion"). *See also United States v. Morgan Houston*, No. CR409-058, 2020 WL 2751894, at *1 (S.D. Ga. May 27, 2020) (upholding dismissal of putative § 3582(c)(1)(A) compassionate relief motion, which actually an unauthorized successive § 2255 motion).

The court is without jurisdiction to entertain the successive § 2255 motion, and accordingly dismisses the motion. Because the defendant has repeatedly declined to seek leave to file such a motion, the court will not, as it did previously, transfer the matter to the Tenth Circuit. Finally, the court finds that there is no substantial basis for concluding that the latest iteration of Sears's argument is anything other than an attempt to evade the requirements for obtaining leave to file a successive § 2255 motion, and so declines to issue a certificate of availability.

IT IS ACCORDINGLY ORDERED this day of June, 2020 that the defendant's Motion for Reduction (Dkt. 153) is hereby dismissed.

J. Thomas Marten
J. Thomas Marten, Judge