IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                    No. 04-10174-JTM

BRUCE SEARS,
    Defendant.

MEMORANDUM AND ORDER

Defendant Bruce Sears was convicted of armed robbery, brandishing a weapon during a crime of violence, and two counts of unlawful possession of a firearm as a felon, and received a "three strikes sentence" under 18 U.S.C. § 3559(c)(1)(A)(i). Sears seeks a new sentence on the grounds that the underlying convictions did not amount to crimes of violence. Sears now presents this argument by a Motion for Resentencing under 18 U.S.C. § 3559(c)(7).

This court was twice rejected Sears' inexplicable efforts to evade the appropriate vehicle for relief — seeking leave from the Tenth Circuit for leave to file a successive motion for relief under 28 U.S.C. § 2255. Sears first filed a motion for relief *audita querela*. This court construed this a disguised successive § 2255 motion, and transferred the case to the Tenth Circuit. That court expressly rejected Sears' argument that § 2255 was not an adequate vehicle for relief. As the court noted, "[t]he *exclusive* remedy for testing the validity of a judgment and sentence, unless is its inadequate or ineffective, is that

provided for in 28 U.S.C. § 2255." Dkt. 152, at 3-4 (quoting *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999)) (emphasis added).

Sears responded to the Tenth Circuit's decision by submitting a motion seeking the same relief and using the same underlying argument, labelled as a motion for relief under 18 U.S.C. § 3582(c)(1)(A)(i). The court denied the motion, holding that § 3582 is not a substitute for a proper motion under § 2255. (Dkt. 154). Sears has appealed that decision (Dkt. 155), but barely a week later filed the present motion under § 3559(c)(7), again seeking the same result and using the same underlying argument.

Section 2255 provides Sears' exclusive means of relief; he cannot evade that requirement by the vehicle of § 3559(c)(7). *See Johnson v. United States*, No. CR491-111, 2017 WL 2729279, at *1 (S.D. Ga. Apr. 19, 2017), *report and recommendation adopted*, No. CR491-111, 2017 WL 2728043 (S.D. Ga. June 23, 2017)) (noting rejection of defendant's effort "to sneak around the ban against successive § 2255 motions bar by mislabeling what he filed … as a request for relief under the 'Federal Rules of Criminal Procedures Rule 3559(c)(7)'"). Absent authorization from the Tenth Circuit for the filing of a successive § 2255 motion, the court denies the Motion for Resentencing (Dkt. 159).

IT IS SO ORDERED this day of July, 2020.

*J. Thomas Marten*
J. Thomas Marten, Judge