IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No. 04-10174-JWB

BRUCE SEARS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on two motions for reconsideration by Defendant (Docs. 171, 172) and his "motion for excusable neglect." (Doc. 173.) The government has filed a response. (Doc. 175.) Defendant has also filed a supplement to one of the motions for reconsideration. (Doc. 179.) For the reasons stated herein, Defendant's first motion for reconsideration (Doc. 171) and his motion for excusable neglect (Doc. 173) are DENIED. Defendant's motion for reconsideration (Doc. 172) is GRANTED to the extent stated in this order.

**I. Background**

In 2004, Defendant was convicted on four counts relating to an armed robbery. Based on the Three Strikes Statute, 18 U.S.C. § 3559(c)(1), Defendant was sentenced to a mandatory term of life imprisonment. *See United States v. Sears,* 836 F. App'x 697, 698 (10th Cir. 2020). Since then, Defendant has filed a multitude of post-conviction motions, including one or more motions under 28 U.S.C. § 2255 and, more recently, a motion "for audita querela" (Doc. 165) and a motion (Doc. 167) for sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

The district judge to whom the recent motions were assigned dismissed them, finding the motions were in substance second or subsequent requests for relief under 28 U.S.C. § 2255, such that district court jurisdiction was lacking absent a certification by the Tenth Circuit pursuant to 28 U.S.C. § 2255(h). (Doc. 170 at 1.) As the judge accurately noted, Defendant has on more than one occasion attempted to avoid the limitation on successive § 2255 motions by attaching different labels to motions attacking his conviction and sentence. (*Id.*)

Defendant now asks for reconsideration of the foregoing ruling. In Doc. 171, he argues the court erroneously characterized his motion for writ of audita querela (Doc. 165) as a § 2255 motion. In Doc. 172, he argues the court erroneously characterized his motion for sentence reduction (Doc. 167) as a § 2255. The court is not persuaded that it was error to dismiss Doc. 165 for lack of jurisdiction, but it is persuaded that the court misunderstood the basis for Defendant's argument in Doc. 167 for a sentence reduction, such that it should not have been dismissed for lack of jurisdiction.

**II. Analysis**

A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). *See also* D. Kan. R. 7.3 and Fed. R. Civ. P. 59 & 60 (authorizing relief in certain circumstances, including mistake).

Defendant's motion for audita querela (Doc. 165) clearly attacked the validity of his sentence and was properly dismissed by the court as a successive motion under § 2255. *See* Doc. 165 at 1 (Defendant arguing "he is entitled to relief under a series of cases culminating in the Tenth Circuit's landmark decision in *United States v. Nicholas,* 686 F. App'x 570 (10th Cir. 2017) which … render[s] the judgment of his sentence infirm.") As the Tenth Circuit pointed out while

2

rejecting a nearly identical prior attempt by Defendant to invoke audita querela, regardless of how a motion is labeled it must be treated as a § 2255 if it asserts a federal basis for relief from the movant's conviction or sentence. *United States v. Sears,* 836 F. App'x 697, 699 (10th Cir. 2020). The court accordingly denies the motion for reconsideration in Doc. 165.

Defendant's motion for sentence reduction in Doc. 167, however, did not argue that his conviction or sentence was invalid or unlawful. Rather, it argued the change in the law represented by *Nicholas* meant there was now a large disparity between the sentence he received and the sentence he would be facing for such offenses under current law and guidelines. (Doc. 167 at 5-6.) Defendant argued this was an extraordinary and compelling reason for granting a reduction under § 3582(c)(1)(A). (*Id.* at 7.) He further argued that Defendant's personal circumstances warranted a reduction. (*Id.* at 8-9.) Unlike every other prior motion Defendant filed in this case – including a prior motion citing § 3582(c)(1)(A)(i) (Doc. 153) – this one did not argue that the sentence was invalid or unlawful. Accordingly, the court is persuaded that Doc. 167 should not have been considered a successive § 2255 motion.

### III. Conclusion

Defendant's first motion for reconsideration (Doc. 171) is DENIED. Defendant's second motion for reconsideration (Doc. 172) is GRANTED. The court VACATES that portion of the prior order (Doc. 170) dismissing Defendant's motion for sentence reduction (Doc. 167). The court will reconsider Doc. 167 as a motion for sentence reduction under § 3582(c)(1)(A). The government is granted 30 days from the date of this order to file a response to the motion. Defendant is granted 14 days thereafter to file a reply.

Defendant's motion for excusable neglect (Doc. 173), which seeks leave to file the above motions for reconsideration out of time, is DENIED AS MOOT as the government has not argued that the motions to reconsider are untimely.

IT IS SO ORDERED this 23rd day of July, 2021.

                                                       s/ John W. Broomes  
                                                      JOHN W. BROOMES  
                                                      UNITED STATES DISTRICT JUDGE