IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                         Case No. 04-10174-01-JWB

BRUCE SEARS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to reduce sentence (Doc. 184), motion for reconsideration (Doc. 186), and motion for leave to file supplement (Doc. 189.)  The government has filed responses to the first two motions (Docs. 185, 187) and Defendant has filed a reply (Doc. 188.)  The first two motions by Defendant are, in substance, motions to reconsider the court's December 8, 2021 denial of Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  (*See* Doc. 183.)  For reasons set for the below, Defendant's motions are DENIED.

**I. Standards**

The Federal Rules of Criminal Procedure do not authorize a motion for reconsideration. *United States v. Warren*, 22 F.4th 917, 922 (10th Cir. 2022) (citing *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011)).  The Tenth Circuit has nonetheless held that "[m]otions to reconsider are proper in criminal cases." *Id*. (quoting *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).  As *Warren* noted, "[t]he Supreme Court has recognized motions for reconsideration in criminal proceedings at least since *United States v. Healy*," 376 U.S. 75, 77–78

(1964). *Id*. (citation omitted.)  The authority to reconsider comes from the common law. *Id*. (citations omitted.)  The Tenth Circuit has concluded that "a motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order" – *i.e.*, within fourteen days. *Id*. at 924.  That limit is not jurisdictional, however, and may be waived by the government. *Id.*

As outlined by *Warren*, the following standards govern motions for reconsideration in criminal cases:

> This court has imported the standard from Federal Rule of Civil Procedure 60(b) to decide motions for reconsideration, holding that "[a] motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." [*United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).] The specific grounds which allow granting such motions include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. But "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015). Thus, such motions "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id*. (quotation marks omitted).

*Id.* at 927.

**II. Analysis**

Although not denominated as such, Defendant's motion filed December 20, 2021 (Doc. 184) is essentially a motion to reconsider.  It acknowledges that the court "just denied my latest compassionate release motion Doc. 183" and "asks as a broken man begging for mercy" for the court to "resentence me to a sentence that comports with section 3553(a)…." (Doc. 184 at 1,3.) The motion includes an expression of remorse by Defendant for his actions and a brief discussion of factors relied upon by the court in denying his motion for release. (*Id*. at 3-4.) Defendant's second motion, which was filed December 27, 2021 (Doc. 186), was expressly denominated a motion for reconsideration.  It includes an extensive discussion of the § 3553(a) factors and argues

2

the court erred in its assessment of those factors. Defendant's motion to supplement (Doc. 189) asks for leave to supplement the motion for reconsideration with an updated "Summary Reentry Plan -Progress Report" dated January 27, 2022. (Doc. 189-1.)

The court will consider Docs. 184 and 186 as motions to reconsider.[1] Plaintiff has not objected that Doc. 186 is untimely, so it will be considered on the merits. Defendant's motions do not cite any intervening change in controlling law, so that factor provides no grounds for reconsideration. *See Warren*, 22 F.4th at 927 (identifying a change in the law as grounds for reconsideration). Nor does Defendant cite any previously unavailable evidence that would justify reconsideration. Defendant moves to supplement his motion with a periodic progress report from the institution where he is incarcerated (Doc. 189-1), but nothing in that report undermines or would alter the court's prior assessment of the § 3353(a) factors. *See id*. (new evidence may warrant reconsideration). Finally, Defendant contends the court committed error by failing to fully consider the facts or discuss and properly weigh the § 3553(a) factors. These arguments show no clear error or manifest injustice. The section 3353(a) factors must be considered in a motion under § 3582(c)(1)(A), but there is no requirement that the court set forth a specific discussion of the factors in its ruling. *See United States v. Hald*, 8 F.4th 932, (10th Cir. 2021) ("We have no reason to doubt that the district court in fact considered [the § 3553(a)] factors, and nothing more was required.") Otherwise, Defendant's motion for reconsideration is essentially a restatement of the same arguments he previously made and which the court found insufficient to warrant a sentence reduction. *See Warren*, 22 F.4th at 927 (motion for reconsideration "should not be used to revisit

---

[1] If the court did not consider Doc. 184 as a motion to reconsider Doc. 183, the motion would have to be dismissed for lack of jurisdiction. To the extent Defendant's request for mercy in Doc. 184 might be construed as a separate and independent motion for reduction based on extraordinary and compelling reasons, 18 U.S.C. § 3582(c)(1)(A)(i), Defendant has not shown that he exhausted administrative remedies on any such claim. *See id*. § 3592(c)(1)(A) (requiring exhaustion of administrative remedies).

3

issues already addressed or advance arguments that could have been raised earlier.") In sum, the court finds no grounds for reconsideration in Defendant's additional filings.

### III. Conclusion

Accordingly, Defendant's motions for reconsideration (Doc. 184, 186) and motion for leave to supplement (Doc. 189) are DENIED.

IT IS SO ORDERED this 9th day of February, 2022.

                                                              _____s/ John W. Broomes_____
                                                              JOHN W. BROOMES
                                                              UNITED STATES DISTRICT JUDGE