IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                              Case No. 04-10174-JWB

BRUCE SEARS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for writ of audita querela. (Doc. 191.) The motion is fully briefed and is ripe for decision. (Docs. 192, 193.) For the reasons stated herein, Defendant's motion is treated as a motion for relief under 28 U.S.C. § 2255 and is DISMISSED for lack of jurisdiction.

**I. Background**

In 2005, Defendant was sentenced to life imprisonment following conviction on a Hobbs Act robbery and related firearms counts. (Doc. 61.) The sentence was based in part on an enhancement under 18 U.S.C. § 3559(c) arising from Defendant's prior convictions for robbery under Kansas law, which were considered "violent felonies" giving rise to the enhancement. A direct appeal by Defendant in 2006 unsuccessfully challenged a suppression ruling. (Doc. 94.) A motion to vacate sentence under 28 U.S.C. § 2255 was denied in 2008. (Doc. 106.)

Defendant subsequently filed various motions for relief focusing on changes in Tenth Circuit law. The motions pointed out that under *United States v. Nicholas*, 686 F. App'x 570 (10th Cir. 2017), the enhancement could no longer be applied to a person with Defendant's background

because Kansas robbery does not meet the definition of "violent felony" required for an enhancement under § 3559(c). One of Defendant's prior motions was labeled a motion for writ of audita querela (Doc. 139), but the district court treated it as a motion under 28 U.S.C. § 2255 because it alleged that Defendant's conviction and sentence were infirm. The district court found it lacked jurisdiction and transferred the motion to the Tenth Circuit Court of Appeals. (Doc. 148.) On appeal, Defendant argued the district court erred by not treating the motion as one for audita querela, but the Tenth Circuit rejected the argument, noting that § 2255 is the "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective," and finding Defendant failed to show that § 2255 was an inadequate or ineffective remedy for challenging his sentence. (Doc. 152 at 3-4.) Another motion for relief was dismissed by the district court on the grounds it was a disguised § 2255 over which the district court lacked jurisdiction. (Doc. 154.) On appeal, the Tenth Circuit affirmed the conclusion. *United States v. Sears*, 836 F. App'x 697, 699 (10th Cir. 2020).

This court subsequently treated yet another motion by Defendant as a true motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), rather than a § 2255, because it was not premised on a claim that Defendant's sentence was invalid or infirm. (Doc. 180.) The court denied the motion, however, finding that the factors in § 3553(a) did not warrant a sentence reduction. (Doc. 183.)

Defendant's current motion for writ of audita querela seeks resentencing because the change in the law after Defendant was sentenced is allegedly "extraordinary and constitutes an intervening change in the law that renders [his] sentence infirm." (Doc. 191 at 4.)

**II. Analysis**

Defendant's allegation that his sentence is infirm places the instant motion squarely back in the circumstances addressed in *United States v. Sears*, 836 F. App'x 697, 699 (10th Cir. 2020). Defendant is "attacking the validity of his sentence based upon post-sentencing case law…." *Id*. As the Tenth Circuit stated:

> Thus, regardless of how a movant characterizes a post-judgment motion, it must be treated as a § 2255 motion if it "asserts or reasserts a federal basis for relief" from the movant's conviction or sentence. *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam) (internal quotation marks omitted). "It is the relief sought, not [a] pleading's title, that determines whether the pleading is a § 2255 motion." *Nelson*, 465 F.3d at 1149. And "[i]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id*. at 1148. "[T]o allow a petition to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *Id*. (internal quotation marks omitted). In particular, "Congress was surely aware that defendants might wish to raise subsequent claims based upon changes in the applicable law, and narrowly circumscribed the allowable claims through § 2255(h)." *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1268 (10th Cir. 2015).

*Sears*, 836 F. App'x at 699.  The court accordingly concludes Defendant's motion (Doc. 191) is a second or successive § 2255 and that it must be dismissed for lack of jurisdiction.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (absent authorization from circuit court, a district court lacks jurisdiction to address the merits of a second or successive § 2255).

### III.  Conclusion

Defendant's motion (Doc. 191) is treated as a motion for relief under 28 U.S.C. § 2255 and is hereby DISMISSED for lack of jurisdiction.  The court further denies a certificate of appealability with respect to these allegations.  *See* 28 U.S.C. § 2253(c)(2).  IT IS SO ORDERED this 22nd day of March, 2022.

                                                    _____s/ John W. Broomes_____
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE