IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                     Case No. 04-10174-JWB

BRUCE SEARS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate sentence under 28 U.S.C. § 2255 (Doc. 212) and motion to correct the record (Doc. 214). The § 2255 motion is fully briefed and is ripe for decision. (Docs. 213, 215.) For the reasons stated herein, the § 2255 motion is DISMISSED for lack of jurisdiction and the motion to correct the record is DENIED as moot.

**I. Background**

In 2005, Defendant was sentenced to life imprisonment following trial and conviction on one count of robbery in violation of 18 U.S.C. § 1951, one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and two counts of possession of a firearm by a convicted felon on violation of 18 U.S.C. § 922(g)(1). (Doc. 61.) The judgment was affirmed on direct appeal. (Doc. 94.)

Defendant has since filed a number of motions challenging or seeking relief from his conviction and/or sentence, including several motions that were either denominated as motions for relief under 28 U.S.C. § 2255 or were treated as such by the court. (*See* Docs. 100, 139, 148, 153, 154, 159, 160, 191, 194.)

Defendant's latest § 2255 motion challenges whether the Kansas robbery convictions that were used to enhance his sentence meet the definition of "violent felony" under 18 U.S.C. § 3559(c). The motion is based in part on the Supreme Court's ruling in *United States v. Borden*, 141 S. Ct. 1825 (2021), which held that a prior conviction does not count as a "violent felony" under the Armed Career Criminal Act (18 U.S.C. § 924(e)) if the crime only required a mental state of recklessness. Defendant argues his prior Kansas robbery convictions fall into that category. (Doc. 212 at 5-6.)

Defendant's motion recognizes the prohibition in § 2255(h) on filing second or successive § 2255 motions in a district court without certification by the court of appeals, but it argues the instant motion "is a second-try or second-in-time to a previous [§ 2255] motion" and is therefore not subject to the prohibition. (Doc. 212 at 5.)

**II. Standards**

Section 2255(h) of Title 28 of the United Stated Code provides in part:

A second or successive motion must be certified … by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because of this provision, "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 … until [the Tenth Circuit Court of Appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The limit on second or successive habeas motions is designed to prevent serial challenges to a judgment of conviction, and thereby reduce delay, conserve judicial resources, and promote

2

finality. *See Banister v. Davis*, 140 S. Ct. 1698, 1707 (2020). The phrase "second or successive" does not necessarily apply to all motions filed later in time. For example, a properly amended habeas petition is not second or successive, nor is an appeal of a habeas court judgment. *Id.* Also, a later motion bringing a claim that was not ripe when a defendant filed his first motion is not considered second or successive. *See Panetti v. Quarterman*, 551 U.S. 930, 946-47 (2007).

### III. Analysis

Defendant's § 2255 motion challenges the validity of his sentence subsequent to his filing of prior § 2255 motions attacking the sentence. Defendant makes no showing that his claim involves newly discovered evidence or relies on a new rule of constitutional law made retroactive by the Supreme Court. It is thus subject to the restriction on second or successive § 2255 motions. Defendant argues that this claim falls within the *Panetti* exception because it invokes the Supreme Court's recent interpretation of the term "violent felony" in *United States v. Borden*, 141 S. Ct. 1825 (2021). But "[a] federal prisoner may not … file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Jones v. Hendrix*, No. 21-857, 2023 WL 4110233, at *4 (U.S. June 22, 2023).

### IV. Conclusion

Defendant's motion to vacate sentence under 28 U.S.C. § 2255 (Doc. 212) is DISMISSED for lack of jurisdiction. Defendant's motion to correct the record (Doc. 214), which seeks to add the phrase "second-in-time" to the § 2255 motion, is DENIED as moot.

An appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of

a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED this 14th day of July 2023.

                                                                                                _____s/ John W. Broomes_____
                                                                                                JOHN W. BROOMES
                                                                                                UNITED STATES DISTRICT JUDGE